FILED

United States Court of Appeals

Tenth Circuit

June 28, 2012

Elisabeth A. Shumaker

Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CRYSTAL G. FARRILL,

      Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security Administration,

      Defendant-Appellee.

No. 11-7075
(D.C. No. 6:10-CV-00167-KEW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

---

      Crystal G. Farrill appeals the denial of her application for supplemental

security income benefits. Exercising jurisdiction under 28 U.S.C. § 1291 and

42 U.S.C. § 405(g), we reverse and remand with instructions to the district court to

remand this matter to the Commissioner for further proceedings.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

An administrative law judge (ALJ) found that Ms. Farrill suffers from degenerative disc disease of the lumbar spine, degenerative joint disease of the shoulder, and obesity. The ALJ recognized that Ms. Farrill also suffers from depression, but he determined that her depression was non-severe because it imposed, at most, only mild limitations. At step four of the familiar five-step process, the ALJ assessed Ms. Farrill with the residual functional capacity (RFC) to perform light work, with some restrictions on stooping, and concluded that she could perform her past relevant work as a waitress and a housekeeper. The Appeals Council denied review and the district court affirmed.

"We review the Commissioner's decision to determine whether his factual findings are supported by substantial evidence in the record viewed as a whole and whether he applied the correct legal standards." *Frantz v. Astrue*, 509 F.3d 1299, 1300 (10th Cir. 2007) (brackets and internal quotation marks omitted). We conclude that of the various arguments Ms. Farrill presents before this court, the only meritorious issues concern the ALJ's compliance with *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

In *Winfrey*, this court set forth a three-part framework for establishing whether a claimant can return to her past relevant work. First, the ALJ must evaluate the claimant's physical and mental RFC. *Id.* at 1023. In doing so, the ALJ must "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe." 20 C.F.R. § 416.945(e); *see also Salazar v. Barnhart*, 468 F.3d 615,

621 (10th Cir. 2006) ("[A]n ALJ is required to consider all of the claimant's medically determinable impairments, singly and in combination; the statute and regulations require nothing less" and a failure to do so "is reversible error"). Second, "the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work." *Winfrey*, 92 F.3d at 1024. As *Winfrey* noted,

> [w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, e.g., speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work.

*Id.* (internal quotation marks omitted). Finally, the ALJ must compare the claimant's RFC to the demands of the past relevant work to determine whether the claimant can still perform such work. *See id.* at 1023, 1024-25. "At each of these phases, the ALJ must make specific findings." *Id.* at 1023.

At step two of the five-step process, the ALJ found that Ms. Farrill's depression was a medically determinable impairment resulting in mild limitations in certain areas of functioning. After noting that the analysis of mental limitations for steps two and three differs from the analysis for steps four and five, and that the latter steps require "a more detailed assessment," the ALJ then asserted that "the following residual functional capacity assessment reflects the degree of [mental] limitation the undersigned has found." Aplt. App., Vol. 2 at 13. But the RFC did not include any mental limitations, and the ALJ never explained why he chose not to include any mental limitations in the RFC, despite his previous assessment of mild limitations.

Further, although the ALJ stated he was comparing Ms. Farrill's RFC with both the physical and the mental demands of her waitress and housekeeping jobs, "the ALJ made no inquiry into, or any findings specifying, the mental demands of plaintiff's past relevant work, either as plaintiff actually performed the work or as it is customarily performed in the national economy." *Winfrey*, 92 F.3d at 1024. Our review of the record does not reveal any evidence regarding the mental demands of Ms. Farrill's past relevant work. "Having failed to complete phase two appropriately, the ALJ was unable to make the necessary findings at phase three about plaintiff's ability to meet the mental demands of [her] past relevant work despite [her] mental impairment[]." *Id.* at 1024-25.

For these reasons, we cannot sustain the Commissioner's decision that Ms. Farrill can perform her past relevant work. The judgment of the district court is vacated, and the case is remanded with directions to remand to the agency for further proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge